UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cr-0833-CAS | Date | May 22, 2017 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Jake Nare, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/ Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 1) Cesar Alejandro Castillo Flores | Not | X | | 1) Pedro Castillo | Not | X | |
| 2) Manuel Alex Moreno | X | X | | 2) Yolanda Barrera | Not | X | |

**Proceedings:** (IN CHAMBERS) - FLORES'S MOTION FOR RECONSIDERATION (Filed May 18, 2017, Dkt. 128)

## I. INTRODUCTION

On November 29, 2016, the Government filed a criminal complaint against Cesar Flores and Manuel Moreno (collectively "defendants"). Dkt. 1. On December 16, 2016, a grand jury returned a three-count indictment against defendants. Dkt. 12 ("the Indictment"). The Indictment alleges that on or about October 11, 2016, Flores and Moreno: (1) conspired to possess methamphetamine with intent to distribute it, in violation of 21 U.S.C. § 846; (2) possessed or aided and abetted possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a); and (3) possessed, or aided and abetted possession of, a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); 18 U.S.C. § 2(a).

Defendants were arrested after a traffic stop while traveling northbound on the Interstate-5. Defendants have each filed a motion to suppress evidence seized during the allegedly unlawful search of their vehicle. See Dkts. 35, 38. In anticipation of a suppression hearing, the defendants attempted to subpoena testimony by two Assistant United States Attorneys ("AUSAs") regarding the arresting officer, Deputy James Peterson. The Government filed motions to quash both AUSA-subpoenas. Dkts. 62, 107. On May 8, 2017, the Court granted both motions to quash. Dkt. 115.

On May 18, 2017, Flores filed the instant motion for reconsideration of the Court's May 8, 2017 order quashing the AUSA-subpoenas. Dkt. 128.

Having carefully considered Flores's arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On October 11, 2016, defendants were arrested after a traffic stop conducted by Los Angeles County Sherriff's Deputy James Peterson.

In the past, the Government has voluntarily dismissed cases wherein Peterson was the arresting officer and the principal evidence was derived from a traffic stop conducted by Peterson. In one such case, United States v. Rafael Gonzalez Arellano, Case No. 14-cr-00410-BRO (the "Arellano Case"), AUSA Ann Kim had multiple conversations with Peterson regarding a traffic stop he conducted. Kim became concerned that Peterson may have made inconsistent statements regarding whether Arellano spoke English and whether she could prove that Peterson obtained valid consent to search Arellano's vehicle. The United States Attorney's Office decided to voluntarily dismiss the charges against Arellano rather than litigate a motion to suppress the evidence derived from Peterson's search. Thereafter, AUSA Pinkel became aware of Peterson's statements in relation to the Arellano Case and the Government elected to dismiss charges in a separate case, United States v. Becerra-Alvarez, Case No. 15-cr-0877-MJ (the "Becerra-Alvarez Case").

The Court quashed the subpoenas of both AUSAs. Flores now requests that the Court reconsider its ruling.[1]

## III. LEGAL STANDARDS

The Court retains authority to modify its interlocutory orders. Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005); see also United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000) (district courts may reconsider their own orders in order to correct simple mistakes "rather than waiting for the time-consuming, costly process of appeal").

---

[1] A more detailed background is set forth in the Court's May 8, 2017 order granting both motions to quash. Dkt. 115.

Local Rule 7–18 sets forth the bases upon which this Court may reconsider a previous order. The Rule provides as follows:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7–18.

## IV.  DISCUSSION

Flores's motion for reconsideration does not present a change in law or fact. Flores argues, for a second time, that the Government has waived work product privilege pursuant to Federal Rule of Evidence 502 and that AUSAs Pinkel and Kim should be compelled to offer their lay witness opinions about Peterson's character for truthfulness, pursuant to Federal Rule of Evidence 608(a).

The Government has voluntarily disclosed numerous records relating to its internal discussions of Peterson's credibility. In advance of its May 8, 2017 order, the Court reviewed all of the relevant documents submitted by the Government for in camera review. Based upon the Court's review, the Court ruled on May 8, 2017, that AUSA Kim's and AUSA Pinkel's opinions about Peterson are privileged work product and that the Government has not waived privilege by making voluntary disclosures of work product relating to its assessment of Peterson in the past.

Flores, relying upon records voluntarily disclosed by the Government during discovery, argues that on May 8, 2017, the Government made several misleading statements regarding Peterson's credibility in the Arellano Case. Flores argues that the Government thereby waived privilege with respect to Peterson's credibility. However, as explained in the Court's May 8, 2017 order, the question under Rule 502 is whether the Government has made a selective or misleading *disclosure* such that additional privileged information "ought in fairness to be considered" alongside the information already disclosed. Fed. R. Evid. 502(a)(3). It is of no moment that the Government may try to

construe the record in its favor during argument, so long as the Government's voluntary disclosures have not been unfairly or misleadingly one-sided. The Court's review of all the relevant records in the Government's possession and Flores's reliance upon the disclosures by the Government which case doubt on Peterson's credibility demonstrate that the Government's disclosures thus far have not been misleading or one-sided. Accordingly, no cause exists to reconsider the Court's prior ruling regarding the Government's purported waiver of privilege.[2]

Flores also argues that defendants should be permitted to call Kim and Pinkel to testify regarding Peterson's past statements. Flores argues that Peterson's past statements are facts rather than protected work product.

As an initial matter, the Government claims that Pinkel "did not, herself, meet with or take statements from Deputy Peterson in connection with the Arellano Case, or in any other capacity." Dkt. 107 at 4. Accordingly, AUSA Pinkel cannot offer testimony as a fact-witness regarding Peterson's past statements because she lacks personal knowledge of Peterson's statements. See Fed. R. Evid. 602. Therefore, Flores's motion for reconsideration of the Court's May 8, 2017 order quashing the subpoena of Pinkel is denied with respect to Pinkel.

With respect to Kim, Flores argues that Peterson's past statements to Kim are evidence of Peterson's traffic stop modus operandi and therefore admissible pursuant to Federal Rule of Evidence 404(b). Rule 404(b) permits evidence of prior bad acts to be considered for specific, narrow purposes such as evidence of a modus operandi, plan, or absence of mistake. Fed. R. Evid. 404(b). Defendants only seek to offer evidence of Peterson's past conduct and statements in support of their motions to suppress, which will be heard and decided by the Court. Accordingly, there is no risk here that Peterson's past conduct or statements, whatever evidentiary weight they warrant, will be considered for an improper purpose because defendants' motions to suppress will be decided by the Court.

---

[2] As noted in the Court's May 8, 2017 order, assuming arguendo that either Kim or Pinkel could offer relevant, admissible lay witness opinions about Peterson's character for truthfulness based upon their interactions with him and discussions of his statements in prior cases, any such opinion is opinion work product. Morris v. Ylst, 447 F.3d 735, 742 (9th Cir. 2006). Absent a subject matter waiver pursuant to Rule 502, defendants cannot compel privileged testimony. Accordingly, the Court need not reach Flores's renewed arguments regarding Federal Rule of Evidence 608(a) and the admissibility of character-witness opinions.

In preliminary hearings heard by the Court, such as a motion to suppress, the rules of evidence "do not operate with full force." United States v. Matlock, 415 U.S. 164, 172-173 (1974). "[T]he judge should receive the evidence and give it such weight as his judgment and experience counsel." Id. at 175 (discussing the reception of hearsay during a suppression hearing). Where a defendant offers evidence pursuant to Rule 404(b), the rules of evidence are less restrictive than when a prosecutor offers such evidence. United States v. Wright, 625 F.3d 583, 608 (9th Cir. 2010) (quoting United States v. Aboumoussallem, 726 F.2d 906, 911 (2d Cir.1984)). Accordingly, the Court will receive evidence of Peterson's past statements and give said evidence such weight as the Court deems appropriate after the suppression hearing.

Record evidence of Peterson's past statements has already been disclosed during discovery. In support of its motion to quash the subpoena of AUSA Kim, the Government argued, "to the extent the court finds testimony by AUSA Kim regarding [Peterson's past] statements admissible (whether under FRE 404(b) or 613(b)), the government will stipulate to the content of those statements, rendering AUSA Kim's testimony unnecessary." Dkt. 101 at 5. In the instant motion, Flores claims only to seek "*facts* – the statements that Peterson made to the AUSAs – not the opinions of the [United States Attorney's Office]." Dkt. 128 at 9 (emphasis in original). Accordingly, the Court orders the Government to provide a stipulation regarding Peterson's statements to AUSA Kim. The Court will receive said stipulation during the suppression hearing and consider it at that time.

## V.    CONCLUSION

The Government shall draft an appropriate stipulation regarding Peterson's statements to AUSA Kim during their meetings to discuss the Arellano Case.

Flores's motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Deputy Clerk | CMJ | |