UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cr-833-CAS | Date | June 2, 2017 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Jake Nare, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) Cesar Alejandro Castillo Flores | NOT | X | | 1) Pedro Castillo, DFPD | NOT | X | |
| 2) Manuel Alex Moreno | NOT | X | | 2) Yolanda Barrera | NOT | X | |

**Proceedings:** (IN CHAMBERS) - MORENO'S EX PARTE APPLICATION FOR PRODUCTION OF IMPEACHMENT DOCUMENTS (Dkt. 134, Filed May 31, 2017)

On October 11, 2016, a Los Angeles County Sheriff's Department ("LASD") deputy, James Peterson, stopped defendants' vehicle traveling northbound on the Interstate-5. Ultimately, the stop led to a search of defendants' vehicle and the alleged discovery of narcotics therein. Defendants have filed motions to suppress evidence seized during the purportedly unlawful seizure and search of their vehicle. The Court will hold an evidentiary hearing on June 9, 2017.

In support of their motions to suppress, the defendants sought to subpoena Peterson's personnel records with LASD. On May 2, 2017, LASD filed a motion to quash the subpoena for Peterson's records. Dkt. 84. On May 3, 2017, the Court ordered LASD to submit the records for in camera review. Dkt. 88. Also on May 3, 2017, the Government filed a supplemental opposition to the motions to suppress evidence in which the Government argued for the first time that the alleged narcotics in defendants' vehicle should not be suppressed because, once defendants' vehicle was stopped, the narcotics would have been discovered by lawful means. Dkt. 86. On May 9, 2017, the Court held a hearing on the Government's motions to quash two different subpoenas. As of the May 9, 2017 hearing, the Court had reviewed Peterson's LASD records in camera. During the May 9, 2017 hearing, the Court indicated to counsel that, should the Government elect to oppose the motions to suppress on the

basis of the inevitable discovery doctrine, other documents reviewed in camera may become material to the defense.

On May 30, 2017, the Government filed a memorandum committing to its position that the Court should decide the motions to suppress without testimony by Peterson. Dkt. 132. The Government's May 30, 2017 memorandum indicates that it will not rely upon Peterson's testimony and will instead argue that a video of the traffic stop and other, unidentified "uncontested facts" provide an adequate basis for the traffic stop and probable cause to search the vehicle. Id. The Government plans to present testimony from witnesses other than Peterson to establish that neither defendant possessed a valid driver's license, that the subject vehicle would have been impounded pursuant to LASD policy and California Vehicle Code § 14602.6(a)(1), that the vehicle would have been subject to an inventory search, and that the inventory search would have discovered the alleged methamphetamine in defendants' vehicle. Id.

"The inevitable discovery exception to the exclusionary rule is available when the government demonstrates, by a preponderance of the evidence, that it would inevitably have discovered the incriminating evidence through lawful means." United States v. Lopez-Soto, 205 F.3d 1101, 1106 (9th Cir. 2000). To withstand suppression in reliance upon the inevitable discovery doctrine, the Government must prove that it would have inevitably discovered the evidence at issue by lawfully impounding the vehicle and searching the vehicle pursuant to a standardized inventory search procedure. United States v. Avendano, 373 F. App'x 683, 685 (9th Cir. 2010) (citing South Dakota v. Opperman, 428 U.S. 364, 368–69 (1976); United States v. Bowhay, 992 F.2d 229, 230 (9th Cir.1993); United States v. Wanless, 882 F.2d 1459, 1463 (9th Cir.1989)). It is unclear what, if any, portions of the seizure and subsequent search of defendants' vehicle may have been unlawful. However, the Government's inevitable discovery argument appears to turn, in part, upon whether Peterson would have initiated impound procedures for defendants' vehicle, notwithstanding any unlawful search or seizure.[1]

Defendants sought to subpoena the entirety of Peterson's personnel file, including any complaints against him. Moreno has now filed an ex parte application seeking production of any documents reviewed in camera and material to the Government's newly asserted inevitable discovery doctrine argument. Dkt. 134. In light of the foregoing procedural developments, it is appropriate to provide the defense with an additional document reviewed in camera – specifically, the investigation and performance log entry stemming from a complaint in

---

[1] The Court does not, by this order, suggest a finding that there *was* an unlawful search or seizure of defendants' vehicle. The lawfulness of the search will be decided after the June 9, 2017 evidentiary hearing. If the search of defendants' vehicle was lawful, then defendants' motions to suppress will be denied without implicating the inevitable discovery doctrine.

**CRIMINAL MINUTES – GENERAL**       **'O'**

February 2008 ("the Watch Commander Investigation"). The Watch Commander Investigation discusses a traffic stop Peterson conducted on January 29, 2008. The driver of the vehicle Peterson stopped made a complaint against Peterson in February 2008. The driver acknowledged having unlawfully driven a vehicle with a dealer plate and that she did not have a license plate for the vehicle. Peterson evidently stopped her then chose not to issue a citation, have the car towed, or have the car impounded. Peterson remarked to the investigator that he could have had her car towed and chose not to.

To the extent defendants' motions to suppress may now turn, in part, upon Peterson's use of his authority to tow vehicles, the foregoing document appears material to the defense. The Court is mindful that this past stop is distinguishable from the traffic stop here in several important ways. The Court has not made a determination that the document at issue is entitled to substantial evidentiary weight; however, the decision to impound a vehicle pursuant to California Vehicle Code § 14602.6(a)(1) is discretionary. California Highway Patrol v. Superior Court, 1148, 76 Cal. Rptr. 3d 578, 579 (2008). Because the subject document reflects Peterson's past use of his discretion not to tow a vehicle, the document should be disclosed to the defense.[2]

The Court will provide the Government, defense counsel, and counsel for LASD with copies of the Watch Commander Investigation discussed above, subject to the protective order already in effect for other documents submitted for in camera review by LASD.[3] See dkt. 110.

IT IS SO ORDERED.

|  | 00    00 |
|---|---|
| Initials of Deputy Clerk | CMJ |

Cc:      Henry Nelson, Esq., NELSON AND FULTON

---

[2] The Court decision to disclose the Watch Commander Investigation is further reinforced by an additional consideration. As a result of the complaint against Peterson, the investigator discovered that Peterson failed to log or document his contact with the driver. LASD policy requires deputies to log their contacts with citizens, thus Peterson's conduct was a violation of LASD policy and procedure. To the extent that the Government now contends that Peterson would adhere to LASD policies and procedures regarding impounds and inventory searches, Peterson's deviation from LASD policy may also be material to the defense.

[3] Because the identities of the complaining parties are immaterial to this case, the Court has redact identifying information relating to the driver in the prior traffic stop and the passenger in the prior stop.