UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\*AMENDED\* CRIMINAL MINUTES - GENERAL**

| Case No. | CR16-833-CAS | Date | June 13, 2017 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| CONNIE LEE | N/A | NOT PRESENT |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) Cesar Alejandro Castillo Flores | NOT | | | 1) Pedro V Castillo | NOT | | |
| 2) Manuel Alex Moreno | NOT | | | 2) Yolanda Barrera | NOT | | |

**Proceedings:** (IN CHAMBERS) DEFENDANTS' EX PARTE APPLICATION FOR ORDER COMPELLING THE GOVERNMENT TO PRODUCE GRAND JURY TRANSCRIPTS (Filed June 2, 2017, Dkt. 136)

## I.  INTRODUCTION AND BACKGROUND

On October 11, 2016, Los Angeles County Sheriff's Department ("LASD") Deputy James Peterson stopped defendants' vehicle traveling northbound on the Interstate 5.  The stop ultimately led to a search of defendants' vehicle and Peterson arrested the defendants after discovering what he believed to be narcotics in defendants' vehicle.

The Court is in receipt of defendants' ex parte application for an order compelling production of grand jury transcripts.  Dkt. 136.  On June 6, 2017, the Government filed an opposition.  Dkt. 139.  On June 9, 2017, defendants filed a reply in support of their application.  Dkt. 142.

Defendants seek production of three grand jury transcripts.  Defendants seek a transcript of the grand jury proceedings that led to their own indictment and two transcripts related to a different case, United States v. Alberto Barajas et al., Case No. 17-cr-00169-JFW (the "Barajas Case").  Because defendants' argument relies, in large part, upon perceived irregularities in the prosecution of the Barajas Case and because Peterson

was also the arresting officer in the Barajas Case, some initial background on the Barajas Case is appropriate here.

In the Barajas case, like in this case, the two defendants were also subject to a traffic stop by Peterson. On March 24, 2017, the Government filed a grand jury indictment in the Barajas Case. Barajas Case Dkt. 20. On April 21, 2017, both defendants in the Barajas Case filed motions to suppress evidence uncovered during a search of their vehicle. Barajas Case Dkts. 34, 35. On April 28, 2017, the Government filed its initial opposition to the motions. Barajas Case Dkt. 40.

On May 8, 2017, the Government filed a supplemental opposition arguing that the evidence in the Barajas defendants' vehicle would have been subject to inevitable discovery because their vehicle would have been impounded and subject to an inventory search.[1] Barajas Case Dkt. 66. In support of the supplemental opposition, the Government submitted a declaration by Peterson. Dkt. 66-1, Peterson Decl. In his declaration, Peterson stated, "I completed an inventory of the [Barajas] car, pursuant to Department policy, which is attached to this declaration as Exhibit A." Barajas Case Dkt. 66-1, Peterson Decl. ¶ 8. Exhibit A to Peterson's declaration was a California Highway Patrol ("CHP") policy regarding vehicle impounds and inventory searches. Dkt. 66-2.

On May 22, 2017, the Government filed a second supplemental opposition to the motions to suppress in the Barajas Case. Barajas Case Dkt. 88. In support of this second supplemental opposition, the Government submitted a declaration by LASD Deputy Adam Halloran. Barajas Case Dkt. 88-1, Halloran Decl. In his declaration, Halloran explained that he responded to the scene of the Barajas traffic stop to assist Peterson. Id. ¶ 4. Halloran stated that he "began assisting [Peterson] with the inventory search" of Barajas' vehicle. Id. Halloran claimed to have filled out a CHP inventory search form. Id. ¶ 5.

On May 23, 2017, the Government filed a first superseding indictment in the Barajas Case that was identical to the original indictment. Barajas Case Dkt. 89.

On May 30, 2017, the Government filed a motion for an order allowing disclosure of the grand jury testimony in the Barajas Case so that it might be disclosed to the

---

[1] In the instant case, the Government similarly contends that the evidence in defendants' vehicle would have been subject to inevitable discovery pursuant to LASD vehicle impound and inventory search procedures.

Barajas defendants, Barajas Case dkt. 101, which the Court granted, Barajas Case dkt. 102.

On June 1, 2017, the Government filed a motion to dismiss both indictments in the Barajas Case. Barajas Case Dkt. 104. Appearing before the Honorable Judge John F. Walter on June 5, 2017, the Government explained the reason for requesting dismissal thus:

> I think one of the declarations that we had submitted talked about the inventory search that had been done of the vehicle during the preparation last week. And, again, it was fairly close to the actual hearing date. We realized that that declaration was inaccurate in some respects and would have to be changed. So the Government was looking at having to submit another declaration to the Court just days before the hearing.

Dkt. 142-1 ("Barajas Hearing Transcript"), 6:18-24. Judge Walter requested clarification about the inaccuracy in the unidentified witness declaration. The Government explained, "I guess what we're saying is the officer who actually did the search and described it as an inventory search later said he had not, in fact, conducted an inventory search but, in fact, the search that had been conducted at the scene, he simply labeled that an inventory search after the fact." Id. 8:8-13 (emphasis added). Thus, the Government appears to have acknowledged in the Barajas Case that no inventory search of the Barajas defendants' car ever occurred. The Government also stated that the inaccuracy was *not* in Peterson's declaration, id. at 8:12, but rather in Hollaran's declaration, id. at 9:19.[2] Thereafter, Judge Walter granted the Government's motion to dismiss both indictments in the Barajas Case.

## II.        DISCUSSION

The defendants here seek to compel production of the grand jury transcripts underlying both indictments in the Barajas Case as well as the grand jury testimony for the indictment issued in this case, dkt. 12. Any discussion of the potential disclosure of grand jury proceedings begins with the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." United States v. Procter & Gamble Co., 356 U.S. 677, 681 (1958); see also In re Grand Jury Investigation No. 78–

---

[2] Both Halloran *and* Peterson submitted declarations in the Barajas Case stating that they conducted an inventory search of the Barajas defendants' vehicle in compliance with department impound procedures. Accordingly, it is unclear how one declaration might be inaccurate, but not the other.

184, 642 F.2d 1184, 1190 (9th Cir.1981) (noting the "traditional and fundamental policy of grand jury secrecy"). However, "[g]rand jury secrecy is, of course, not an end in itself. Grand jury secrecy is maintained to serve particular ends." U.S. Indus., Inc. v. U.S. Dist. Court for S. Dist. of Cal., Cent. Div., 345 F.2d 18, 22 (9th Cir. 1965). Federal Rule of Criminal Procedure 6(e)(3)(E)(i) permits the Court to authorize disclosure of a grand jury matter "in connection with a judicial proceeding." To obtain disclosure of grand jury proceedings, a party must show a "particularized and compelling need." U.S. Indus., 345 F.2d at 21. The court's task is to weigh the interests in disclosure against the countervailing policy rationales for grand jury secrecy. Id. at 22. If the reasons for secrecy do not apply to a given situation, "or apply to only an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need." Id. at 21. The Court has "substantial discretion to order or deny release" grand jury transcripts. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988).

     The similarities between the Barajas Case and this case are striking and weigh in favor of granting defendants' request. Peterson is the deputy who discovered the evidence supporting the charges in both the Barajas Case and this case. Peterson discovered the evidence in both cases while searching the defendants' vehicles after a traffic stop. In both cases, the indictments appear to have relied upon evidence found and seized as a result of Peterson's efforts. Furthermore, the Government made the same argument in the Barajas Case that it makes here, namely, that evidence seized by Peterson would have been inevitably discovered by Peterson during an inventory search of each vehicle.

     The Government appears to have acknowledged in the Barajas Case that Peterson's declaration in that case may have been inaccurate – Peterson stated that he conducted an inventory search of the Barajas vehicle and the Government appears to have determined that no such search occurred. The timing of the proceedings in the Barajas Case, the Government's decision to disclose the grand jury transcripts in that case, and the Government's representations during the June 5, 2017 hearing before Judge Walter suggest that the Government's decision to seek a superseding indictment in the Barajas Case related to Peterson and his search of the Barajas defendants' vehicle.[3] The foregoing considerations suggest that the grand jury transcripts contain information that is material to defendants' motions to suppress in this case. Thus, defendants have demonstrated a particularized and compelling need for disclosure of the grand jury testimony at issue.

---

     [3] The Government's opposition here is silent regarding its reasons for seeking a superseding indictment in the Barajas Case.

Because indictments have already issued, there is little reason for continuing secrecy.[4] See U.S. Indus., 345 F.2d at 22 (discussing the limited need for secrecy once indictments have issued against all of the defendants against whom indictments were sought). The only remaining reason for secrecy here is the general goal of "insuring untrammeled disclosure by *future* grand jury witnesses" in future grand juries. Id. (emphasis added). Accordingly, the Court must weigh the risk of discouraging future grand jury witness disclosures against the compelling need demonstrated by defendants.

Defendants' motions to suppress turn, in part, upon whether or not Peterson would have adhered to LASD policies regarding vehicle impound and search procedures after stopping defendants' vehicle. Those very issues appear to have been implicated in the Barajas Case and the Government made the decision to convene a second grand jury and obtain an identical superseding indictment – a decision that the Government has not explained. Under the unique circumstances of this case, the Court finds that defendants have shown a sufficiently particularized and compelling need for the grand jury transcripts requested. In contrast, the continuing need for grand jury secrecy here is de minimus. Thus, the compelling need for disclosure outweighs the limited remaining need for secrecy. Defendants' ex parte application compelling disclosure of grand jury transcripts if **GRANTED**.

If the court authorizes disclosure, it may do so "at a time, in a manner, and subject to any other conditions that it directs." Fed.R.Crim.P. 6(e)(3)(E); see also 1 Charles A. Wright, et al., Fed. Practice & Proc.Crim. § 110 (4th ed.). No later than Thursday, June 15, 2017, the Government shall provide defense counsel with a copy of the grand jury testimony offered in pursuit of the original and superseding indictments in the Barajas Case as well as the testimony offered in pursuit of the indictment in this case. Defense counsel shall not disclose such grand jury testimony to any other person or persons, except as necessary in preparation of the defense, without prior authorization from this Court. The copy of the testimony provided to defense counsel (and any reproductions or copies made of the produced copy) shall be returned to the Government at the conclusion of the proceedings in this case.

---

[4] Furthermore, by seeking to disclose the grand jury transcripts in the Barajas case to the Barajas defendants, the Government appears to have acknowledged, implicitly, that there is no longer an urgent need for secrecy in that case. Now that the Barajas Case indictments have been dismissed with prejudice, the need for secrecy is further reduced.

### III. CONCLUSION

Defendants' ex parte application is **GRANTED**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Deputy Clerk | CL | |